UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.

JAMES B. LOUDE and
CHARISE R. LOUDE,

    Respondents.

_____/

Case Nos.   05-74040A and
                05-74040B

HONORABLE AVERN COHN

## ORDER DENYING RESPONDENTS' MOTION TO VACATE JUDGMENT[1]

These are actions to enforce summonses issued by the Internal Revenue Service (IRS). The IRS is conducting an investigation into the tax liability of Respondents James B. Loude and Charise R. Loude (collectively referred to as the Loudes) for tax year 2004. On January 3, 2006, the Court entered an Order and Judgment granting the IRS's petition to enforce the summonses.

Before the Court is Respondents' Motion to Vacate Judgment. The motion is DENIED. The reasons follow.

## II. Background

On July 26, 2005, Revenue Agent Heidi Beukema (Beukema) issued two IRS summonses: one to James Loude and one to Charise Loude. The summonses directed the Loudes to appear before Beukema on August 16, 2005 to testify and to produce

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

certain documents. The Loudes did not appear. On August 26, 2005, the IRS sent the Loudes "last chance letters" requesting their appearance at a meeting with Beukema. The Loudes again did not appear. On October 21, 2005, the IRS filed separate petitions against the Loudes to enforce the IRS summonses. On October 24, the Court issued two Orders to Show Cause: one directing James Loude and one directing Charise Loude to appear on December 14, 2005 to show cause why they should not be compelled to comply with the IRS summonses.

On November 15, 2005, the Loudes filed separate but identical responses to the IRS petitions. The Loudes claimed that they responded to Beukema's requests and that they invoke their Fifth Amendment right against self-incrimination. They contested the validity of the summonses and made arguments that they are not subject to federal income tax. The IRS filed a reply. The IRS maintained that the Loudes' responses are frivolous and that the Court should grant both petitions to enforce the summonses.

On December 14, 2005, the Court held a show cause hearing. Beukema and the U.S. Attorney appeared; the Loudes did not. Accordingly, the Court entered two Judgments of Contempt: one against James Loude, and one against Charise Loude. The Court also issued bench warrants ordering the United States Marshal for the Eastern District of Michigan to arrest the Loudes. James Loude contacted the Court on January 3, 2006, requesting that he be able to appear and respond to the IRS summonses in lieu of being arrested. The Court held a show cause hearing later that day and entered an order granting the government's petition to enforce the summons against James Loude. The order required James Loude to appear before Beukema on January 17, 2006. The Court also dismissed the bench warrants for the Loudes.

On January 12, 2006, the Loudes filed the instant motion. The Loudes say that "there are jurisdictional questions that must be resolved before the case can proceed." The Loudes' motion is unintelligible. From what can be gleaned, it appears as though the Loudes argue that the Court lacked jurisdiction to enter an order enforcing an IRS summons. It also appears as though the Loudes argue that Beukema lacked the authority to issue the summonses and that her failure to testify at the show cause hearing denied them due process.

### III. Discussion

The Loudes' arguments amount to yet another unavailing attempt by them to avoid responding to the summonses. First, it is well established through case law and the Internal Revenue Code that the Court has jurisdiction to enforce an IRS summons:

> **§ 7402. Jurisdiction of district courts**
>
> . . .
>
> **(b) To enforce summons.**–If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

26 U.S.C. § 7402(b) (emphasis in original). See also 26 U.S.C. § 7604(a). Indeed, other courts, including the Court of Appeals for the Sixth Circuit, have declared the lack of jurisdiction argument the Loudes make here as "patently frivolous." See, e.g., United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994) ("This argument is completely without merit and patently frivolous.").

To establish a prima facie case for enforcement of an IRS summons, the

Supreme Court has held that the government must demonstrate that (1) the investigation has a legitimate purpose, (2) the summoned materials are relevant to that investigation, (3) the information sought is not already within the IRS's possession, and (4) the IRS has followed procedural steps for service of the summons under 26 U.S.C. § 7603. United States v. Powell, 279 U.S. 48, 57-58 (1964). This showing generally is made through an affidavit by the revenue agent who issued the summons and who is seeking enforcement of it. United States v. Will, 671 F.2d 963, 966 (6th Cir. 1982). Once a prima facie case for enforcing a summons is established, the burden shifts to the taxpayer to demonstrate that enforcement of the summons would be an abuse of the court's process. Id.

    Here, Beukema affirmed that, inter alia, (1) she is conducting an investigation into the tax liability of the Loudes for tax year 2004; (2) she issued summones to the Loudes requesting testimony and examination of books, papers, records, or other data; (3) she served a copy of the summonses on the Loudes and completed certificates of service; (4) the Loudes did not appear in response to the summonses or in response to the "last-chance letters" she sent them; (5) the information she seeks is relevant to her investigation; (6) the IRS does not possess the information it seeks from the Loudes; and (7) she has followed all administrative steps required under the Internal Revenue Code. Accordingly, the government has satisfied its burden of establishing a prima facie case that the summonses to the Loudes were issued for a proper purpose and that enforcement of the summonses is necessary. The Loudes have not disproved any

elements of this prima facie case for enforcement of the summonses.[2]

With respect to the Loudes' apparent argument that they were denied due process because Beukema did not testify at the show cause hearing, this likewise is without merit. Beukema was not required to testify at the show cause hearing. As discussed above, the government established its prima facie case through Beukema's affidavit that the summonses were properly issued and that an action before the Court to enforce the summonses is necessary. The Loudes have been given numerous opportunities to respond to the summonses; they simply have failed to do and instead choose to continually raise baseless objections to the summonses.

SO ORDERED.

       s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated: January 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 31, 2006, by electronic and/or ordinary mail.

       s/Julie Owens
       Case Manager
       (313) 234-5160

---

[2] Additionally, to the extent the Loudes argue that Beukema lacked the authority to issue them summonses, numerous courts, including the Court of Appeals for the Sixth Circuit, have rejected this argument. See, e.g., Justice v. United States, 365 F.2d 312, 313 (6th Cir. 1966) (holding that 28 U.S.C. § 7602 confers on a revenue agent like Beukema the authority to issue summonses).