UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Petitioner,

                                  Case Nos.    05-74040A and
v.                                           05-74040B

JAMES B. LOUDE and                HONORABLE AVERN COHN
CHARISE R. LOUDE,

     Respondents.

_____/

**ORDER DENYING RESPONDENTS'
MOTION TO STRIKE PETITIONER'S PLEADINGS
AND ENJOINING RESPONDENTS FROM FILING FURTHER PAPERS
WITHOUT FIRST SEEKING AND OBTAINING LEAVE OF COURT
<u>BY THE PRESIDING JUDGE</u>**

These are actions to enforce summonses issued by the Internal Revenue

Service (IRS).  The IRS is conducting an investigation into the tax liability of

Respondents James B. Loude and Charise R. Loude (collectively referred to as the

Loudes) for tax year 2004.

Before the Court is Respondents' Motion to Strike Petitioner's Pleadings.  The

Motion is DENIED.

The motion is unintelligible.  From what can be gleaned, it appears as though the

Loudes seek to have the Court strike Petitioner's papers on the grounds that the Court

lacks jurisdiction over the case.  The Loudes made a jurisdictional challenge in their

previously filed Motion to Vacate Judgment, filed January 12, 2006.  The Court denied

that motion on January 31, 2006 and expressly ruled that it has jurisdiction to enter an

order enforcing an IRS summons.  See Order Denying Respondents' Motion to Vacate Judgment, filed January 31, 2006, at 3-4.

The Loudes continue to file frivolous papers raising meritless objections to the IRS summonses.  Accordingly, as the Court ordered on February 9, 2006, the Loudes are ordered to show cause why they should not be held in contempt of court for failure to comply with the Court's Order and Judgment of January 3, 2006, granting Petitioner's petition to enforce the IRS summonses.[1]

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further papers without first obtaining leave of court.  Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); see also Filipas v. Lemons, 690 F.2d 1145, 1146 (6th Cir. 1987).  A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing.  See, e.g., Ortman v. Thomas, 99 F.3d 807, 811 (6th Cir. 1996).

---

[1] See Order to Show Cause, filed February 9, 2006 (directing Respondents to appear before the Court for a show cause hearing on April 5, 2006, at 2:00 p.m.).

2

Accordingly, it is ordered that Respondents are ENJOINED and RESTRAINED from filing any future papers in the United States District Court for the Eastern District of Michigan without seeking and obtaining leave of court by the presiding judge.[2]

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  February 23, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 23, 2006, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager
(313) 234-5160

---

[2] The district judges rotate acting as the presiding judge and are usually designated for one-week periods.  The name of the presiding judge is not disclosed before Monday at 8:30 am and can be obtained by contacting the Clerk's office.  See E.D. Mich. LR 77.2.

3